IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY a/s/o JOE & KATHY BRAGA<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VALKEN, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Universal North America Insurance Company a/s/o Joe & Kathy Braga, by and through its undersigned attorneys, hereby avers the following by way of Complaint against Defendant:

## PARTIES

1. Plaintiff Universal North America Insurance Company (hereinafter "Universal"), is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 4300 Centreway Place, Suite 150, Arlington, TX 76018. At all relevant times, Universal was duly authorized to issue policies of insurance in the State of Connecticut.

2. Universal's insureds, Joe and Kathy Braga (hereinafter "Braga"), are the owner of the residence located at 33 Valley View Drive, Farmington, CT 06032 (hereinafter "the Residence"). At all relevant times, Universal had in force and effect a policy of insurance issued to Braga, that provided insurance at the Residence.

3. At all times material hereto, Defendant Valken, Inc. (hereinafter "Valken") is a foreign corporation duly organized and existing under the laws of the State of Colorado with its

1

principal place of business listed with the Connecticut Secretary of State located at 1 Hawk Court, Swedesboro, NJ 08085.

4. At all times material hereto, Valken designed, engineered, manufactured, inspected, tested, marketed, sold, distributed and/or placed into the steam of commerce a lithium polmer (LiPo) battery and charger unit for use with airsoft equipment. Specifically, Valken placed its LiPo battery and charger into the stream of commerce such that it was purchased for and used by Braga's son in the son's bedroom within the Residence.

5. As such, Valken is a "product seller" within the meaning of the Connecticut Products Liability Act, Connecticut General Statutes § 52-572m et seq.

## JURISDICTION AND VENUE

6. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a), as the acts and omissions that gave rise to this matter took place in this jurisdiction.

## FACTS

8. The LiPo battery and charger were purchased on or about April 8, 2019.

9. Braga's son was using his airsoft rifle with the LiPo battery on or about March 13, 2020.

10. When Braga's son was finished using the airsoft rifle, he removed the LiPo battery from it connection and plugged it into the charger located in his bedroom within the Residence.

11. A short time later, Braga's husband detected the odor of smoke in the Residence.

12. Braga's son went to investigate the source of the odor and discovered a significant amount of smoke within his bedroom.

13. Braga's family immediately evacuated the Residence and called 9-1-1.

14. As a result of the ensuing fire, Braga made claims to Universal pursuant to their policy of insurance, and Universal issued payments for those claims in an amount in excess of $75,000.00. As such, Universal is legally, equitably and contractually subrogated to the rights and claims of Braga.

## COUNT I – PRODUCTS LIABILITY

15. Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. Valken manufactured the LiPo battery and charger.

17. Valken designed, supplied, and/or distributed the LiPo battery and charger into the stream of commerce in a dangerously and defective condition and without proper and adequate warnings, including post-sale warnings, and instructions as to its safe use and installation.

18. Valken supplied and/or distributed the LiPo battery and charger into the stream of commerce with an inherently dangerous and defective design.

19. The LiPo battery and charger was not altered, modified, changed, misused and/or abused by Braga and/or other users of this product at the Residence.

20. Valken is liable and legally responsible to the Plaintiff for Braga's injuries caused by the fire by virtue of Connecticut General Statutes § 52-572m et seq. in one or more of the following respects:

   a. the LiPo battery and charger were in a defective and unreasonably dangerous condition;

      b.     Valken designed, manufactured, and/or sold the LiPo battery and charger in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

      c.     Valken designed, manufactured, and/or sold the LiPo battery and charger in a condition that was neither merchantable nor fit for the purpose for which such products are ordinarily and foreseeably used;

      d.     Valken failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the LiPo battery and charger;

      e.     Valken failed to design the LiPo battery and charger so that foreseeable failures of the LiPo battery and charger and its components would not present a fire hazard;

      f.     Valken negligently designed and/or manufactured the LiPo battery and charger;

      g.     Valken was negligent in failing to properly and adequately test the LiPo battery and charger prior to placing the LiPo battery and charger into the stream of commerce; and

      h.     Valken breached the implied warranty of merchantability in that the LiPo battery and charger was not merchantable for its intended purpose.

21.     As a direct and proximate result of Valken's liability pursuant to Connecticut General Statutes § 52-572m, the fire occurred resulting in damage to the Residence and the contents in the Residence.

## COUNT II – NEGLIGENT FAILURE TO WARN

22.     Plaintiff realleges paragraphs 1 through 21 as though fully set forth herein.

23.     At the time Braga purchased the Residence, Valken knew or had reason to know that the LiPo battery and charger were defective and/or were likely to be dangerous for the use for which it is supplied.

24.     At the time Braga purchased the LiPo battery and charger, Valken knew or should have known that the LiPo battery and charger was inherently dangerous and unsafe because of its

potential to overheat and that, when the LiPo battery and charger overheats, it presents an unreasonable risk of starting a fire.

25. At the time Braga purchased the LiPo battery and charger, Valken had no reason to believe that Braga would realize the LiPo battery and charger's dangerous condition.

26. Up to the time Braga purchased the LiPo battery and charger and for approximately eleven (11) months before the date of loss, Valken failed to exercise reasonable care to warn or otherwise inform Braga of the LiPo battery and charger's dangerous condition or of the fact that made it likely to be dangerous.

33. Due to Valken's failure to exercise reasonable care in warning the general public of the defective nature of its LiPo battery and charger product, Braga was prevented from taking reasonable steps to have the defective LiPo battery and charger removed from the Residence prior to the date of loss.

34. As a direct and proximate result of Valken's failure to warn, the fire occurred resulting in damage to the Residence and the contents in the Residence.

WHEREFORE Plaintiff Universal Fire and Casualty Company demands judgment for damages against Defendant Valken, Inc., together with interest, costs of suit, attorneys' fees and other such and further relief as the Court deems just and equitable.

                                                Respectfully submitted,
                                                UNIVERSAL NORTH AMERICA
                                                INSURANCE COMPANY,

BY    /s/ Diana D. O'Hara
           Diana D. O'Hara (Juris#441276)
           Parenteau & O'Hara, PC
           1661 Worcester Rd., Suite 204
           Framingham, MA 01701
           Tel. (508) 232-6267
           Fax (508) 232-6270
           do@nesubro.com